**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Christopher Colbert and Jai Crutcher, ) | |
| ) | Case No. 13 CV 02397 |
| Plaintiff, ) | |
| ) | JUDGE DOW |
| vs. ) | |
| ) | Magistrate Judge Cole |
| City of Chicago and Chicago Police Officers ) | |
| Russell Willingham #3664, Jack Tweedle #12919, ) | |
| Darryl Johnson #4787, Louis Hopkins, #2487, and ) | |
| Thomas J. Glynn #25782, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS CITY OF CHICAGO, RUSSELL WILLINGHAM
AND THOMAS J. GLYNN'S ANSWER, JURY DEMAND AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, City of Chicago ("Defendant City"), by Stephen Patton, Corporation Counsel for the City of Chicago and Defendant Chicago Police Officers Russell Willingham ("Defendant Willingham") and Thomas J. Glynn ("Defendant Glynn"), by and through one of their attorneys, Jason Marx, Assistant Corporation Counsel, (all three collectively referred to as "Defendants") as for their respective Answer, Jury Demand and Affirmative Defenses to Plaintiff's Amended Complaint, state as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and §1367.

**ANSWER**: Defendants admit that this is a civil action arising under 42 U.S.C. §1983, and that jurisdiction of this Court is conferred by 28 U.S.C. §1343. Defendants deny the remaining allegations contained in this paragraph.

2. Plaintiffs Christopher Colbert and Jai Crutcher are residents of the Northern District of Illinois.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Defendants Russell Willingham #3664, Jack Tweedle #12919, Darryl Johnson #4787, Louis Hopkins #2487, and Thomas J. Glynn #25782, are police officers of the City of Chicago or of the State of Illinois. Plaintiffs sue each of these police officers in his individual capacity.

**ANSWER**: Defendants admit Russell Willingham and Thomas J. Glynn are police officers of the City of Chicago and admit they are being sued in their individual capacities. Defendants deny that Jack Tweedle, Darryl Johnson and Louis Hopkins are police officers of the City of Chicago and further state, on information and belief, they are employees of the Illinois Department of Corrections. Defendants admit Jack Tweedle, Darryl Johnson and Louis Hopkins are being sued in their individual capacities.

4. Defendant City of Chicago is an Illinois municipal corporation. Plaintiff Crutcher asserts a state law malicious prosecution claim against the City; plaintiff Colbert asserts a federal claim against the municipality.

**ANSWER**: Defendants admit the City of Chicago is an Illinois corporation. Defendants admit Plaintiff Crutcher alleges a state law malicious prosecution claim against the City but deny said claim has any basis in law or fact. Defendants admit Plaintiff Colbert alleges a federal claim against the municipality but deny said claim has any basis in law or fact.

5. On March 31, 2011, defendants Willingham, Tweedle, Johnson, Hopkins, and Glynn, hereinafter "police officer defendants," acting without a warrant, searched the residence of plaintiff Colbert and arrested Colbert and Crutcher.

**ANSWER**: Defendant Willingham and Defendant Glynn, and on information and belief, Defendant City, admit that on March 31, 2011, Defendant Willingham arrested plaintiffs Colbert and Crutcher, but deny the remaining allegations and complained of conduct in this paragraph.

6. The police officer defendants did not have a reasonable basis to search Colbert's residence.

**ANSWER**: Defendant Willingham and Defendant Glynn, and on information and belief, Defendant City, deny the allegations and complained of conduct in this paragraph.

7. The police officer defendants did not have a reasonable basis to arrest plaintiff Crutcher.

**ANSWER**: Defendant Willingham and Defendant Glynn, and on information and belief, Defendant City, deny the allegations and complained of conduct in this paragraph.

8. The police officer defendants acted maliciously and without probable cause in causing plaintiff Crutcher to be prosecuted for criminal offenses.

**ANSWER**: These allegations are subject to Defendants' pending Motion to Dismiss the malicious prosecution claim of Plaintiff Crutcher filed under separate cover.

9. Plaintiff Crutcher was found not guilty of all criminal charges.

**ANSWER**: Defendants admit Plaintiff Crutcher was found not guilty of all criminal charges filed under case number 11CR0690101.

10. On the basis of items they discovered during the above referred unlawful search, one or more of the police officer defendants arrested plaintiff Colbert for an alleged violation of Section 8-20-040 of the Municipal Code of the City of Chicago.

**ANSWER**: These allegations are subject to Defendants' pending Motion to Dismiss Plaintiff Colbert's Federal Monell Policy Claim filed under separate cover.

11. At all times relevant, it was an express policy of the City of Chicago for its police officers to arrest persons who violated Section 8-20-040 of the municipal Code of the City of Chicago.

**ANSWER**: These allegations are subject to Defendants' pending Motion to Dismiss Plaintiff Colbert's Federal Monell Policy Claim filed under separate cover.

12. Second 8-20-040 of the Municipal Code of the City of Chicago is an unconstitutional infringement on rights secured by the Constitution of the United States.

**ANSWER**: These allegations are subject to Defendants' pending Motion to Dismiss Plaintiff Colbert's Federal Monell Policy Claim filed under separate cover.

13. As a result of the foregoing, plaintiffs were deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and plaintiff Crutcher was subjected to a malicious prosecution in violation of Illinois law.

**ANSWER**: Defendants deny the allegations and complained of conduct in this paragraph.

14. Plaintiffs hereby demand trial by jury.

**ANSWER**: Defendants admit that Plaintiffs are demanding trial by jury in this matter and

deny the remaining allegations and complained of conduct in this paragraph.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in their favor on Plaintiff's Amended Complaint, award them such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## JURY DEMAND

Defendants respectively request a trial by jury for all issues so triable.

## AFFIRMATIVE DEFENSES

1.  Defendants Willingham and Glynn are government officials, namely police officers who performed discretionary functions. At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonable officer objectively viewing the facts and circumstances that confronted him could have believed the Officers actions to be lawful, in light of clearly established law and the information that the Officers possessed. Therefore, Defendants Willingham and Glynn are entitled to qualified immunity.

2.  To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs had a duty to mitigate their claimed injuries or damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

3.  To the extent Plaintiffs have alleged any state law claims, Defendant Officers are not liable for injuries arising out of their exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4. To the extent Plaintiffs have alleged any state law claims, Defendant Officers are not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

5. To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiffs, any verdict or judgment obtained by Plaintiffs against Defendants based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case. See *Poole v. City of Rolling Meadows,* 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995). In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2000) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

6. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment. 745 ILCS 10/9-102 (2002).

*7.* To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (1994).

5

8.      The City is not liable to Plaintiff for any state law claims for which its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

9.      The City is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff.  See *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

10.     Plaintiff is not entitled to attorney's fees for her state law claims. See *Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill.2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

11.     The City of Chicago is not liable for punitive damages under either 42 U.S.C. § 1983 or state law.  See *City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981); 745 ILCS 10/2-102.

                Respectfully submitted,

                */s/_Jason Marx*_____
                JASON MARX
                Assistant Corporation Counsel

City of Chicago-Law Department
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-8364 (PHONE)
(312) 744-6566 (FAX)
ATTY No. 6279266